UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

B DUBS, LLC, ET AL.                               CIVIL ACTION

VERSUS                                            NO. 15-65-JWD-RLB

SCOTTSDALE INSURANCE
COMPANY, ET AL.

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

  Signed in Baton Rouge, Louisiana, on May 27, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| B DUBS, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-65-JWD-RLB |
| SCOTTSDALE INSURANCE COMPANY, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 6). Defendants have filed an Opposition (R. Doc. 8) and a supplemental brief (R. Doc. 15). Based on the following, Plaintiff's motion should be granted.

### I.   Background

This is an insurance dispute. B Dubs, LLC d/b/a Orleans on The Avenue and Bryan Willis ("Plaintiffs") operated a restaurant in Plaquemine, Louisiana. On January 6, 2014, the restaurant caught fire and closed. Plaintiffs carried an insurance policy provided by defendant Scottsdale Insurance Company ("Scottsdale"). Plaintiffs filed a claim with Scottsdale, who contracted with an insurance adjuster, Eric Lewis ("Lewis") and his employer Vericlaim, Inc. ("Vericlaim"). After Lewis's first evaluation of the claim, Scottsdale provided Plaintiffs a check for $97,286.24 on April 22, 2014. (R. Doc. 1-4 at 2). Plaintiffs demanded a reevaluation, and Lewis conducted one. Based on Lewis's reevaluation, Scottsdale paid an additional $83,901.54 to Plaintiffs on June 2, 2014. (R. Doc. 1-4 at 2).

On January 6, 2015, Plaintiffs filed this action in the 18th Judicial District Court for Iberville Parish, Louisiana, naming as defendants Scottsdale, Vericlaim, and Lewis ("Defendants"). (R. Doc.

1

1-4). Plaintiffs assert that the $181,188.38[1] tendered by Scottsdale is "a figure that remains abusively low and fails to compensate plaintiffs under the terms and conditions of the policy issued by Scottsdale despite repeated and additional demands for an additional tender." (R. Doc. 1-4 at 2). Plaintiffs seek to recover damages under the theory that Defendants breached their affirmative duties to adjust the insurance claims fairly and promptly in violation of Louisiana law. (R. Doc. 1-4 at 3).

On February 6, 2015, Vericlaim removed this action, asserting that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1). In its Notice of Removal, Vericlaim states that at the time of removal neither Scottsdale nor Lewis had been served by Plaintiff. (R. Doc. 1 at 1). Vericlaim alleges it is a citizen of Delaware and Illinois, Scottsdale is a citizen of Ohio and Arizona, Lewis is a citizen of Louisiana, and Plaintiffs are citizens of Louisiana (R. Doc. 1 at 2-3). Vericlaim asserts that the non-diverse defendant Lewis is improperly joined because Plaintiffs have no cause of action against an independent adjuster hired to adjust a claim by an insurance company. (R. Doc. 1 at 4-5).[2] Accordingly, Vericlaim asserts that the court should ignore the citizenship of Lewis for the purpose of establishing complete diversity. (R. Doc. 1 at 5). With regard to the amount in controversy requirement, Vericlaim asserts that it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (R. Doc. 1 at 7-9).

On March 5, 2015, Plaintiffs filed their motion to remand, arguing that there is insufficient evidence to show that the amount in controversy requirement is satisfied, there is not complete

---

[1] The Petition references two specific checks from Scottsdale in the amounts of $97,286.24 and $83,901.54. The Petition then asserts that the total tendered by Scottsdale is $181,188.38. This number is $1.50 greater than the sum of the two checks. This discrepancy is not sufficient to alter the recommendation set forth herein.

[2] Vericlaim also alleges that it was improperly joined as a defendant for the same reason. (R. Doc. 1 at 4-5). Because Vericlaim is a diverse defendant, however, it does not matter whether its citizenship is ignored for the purpose of determining diversity jurisdiction. Vericlaim has moved to dismiss the claims brought against it. (R. Doc. 3).

diversity, and that removal was procedurally improper because Vericlaim failed to join or gain consent from the other named defendants prior to removal. (R. Doc. 6).

On March 12, 2015, over one month after removal and following the filing of the Motion to Remand, Defendants requested Plaintiffs to enter into a binding stipulation stating that their damages were less than $75,000.00, but Plaintiffs refused. (R. Doc. 8-1 at 1).

On May 1, 2015, Plaintiffs filed a "Jurisdictional Stipulation" into the record stating that the "total amount of damages that the plaintif[s] can recover in this case against the defendants . . . does not exceed the value of $75,000.00, exclusive of interests and court costs." (R. Doc. 10).[3]

## II. Arguments of the Parties

Plaintiffs' primary argument is that Vericlaim has failed to meet its burden of establishing that the amount in controversy requirement has been satisfied. (R. Doc. 6-1 at 3). Plaintiffs argue that despite their assertions in the Petition that the payment of $181,188.38 was "abusively low" and failed to compensate them, as well as Vericlaim's assertions regarding the applicable policy limits, Vericlaim has not established that Plaintiffs are seeking a determinable dollar amount. (R. Doc. 6-1 at 3-4). Plaintiffs argue that it is not facially apparent from the Petition that the amount in controversy requirement is satisfied, and Vericlaim has submitted no "summary judgment type of evidence" supporting its assertions. (R. Doc. 6-1 at 4-5).

In response, Defendants assert that it is facially apparent that Plaintiffs seek more than $75,000.00, exclusive of interest and costs. (R. Doc. 8 at 5). Defendants rely on language in the Petition, including Plaintiff's statements that the tenders by Scottsdale were "abusively low"; the total tender of $181,188.38 "fails to compensate" them under the terms of the policy; and Lewis's adjustment of Plaintiff's claims is "grossly below" the amount due, resulting in damages "far in excess" to the amount tendered by Scottsdale. (R. Doc. 8 at 6). Defendants further highlight that

---

[3] Plaintiffs filed a motion to strike the "Joint Stipulation" from the record (R. Doc. 13), which the court has denied (R. Doc. 16).

3

Plaintiffs are seeking statutory penalties pursuant to the Louisiana bad faith statute, La. R.S. 22:1973. (R. Doc. 8 at 7). Finally, Defendants argue that "Plaintiffs effectively concede that the amount in controversy exceeds $75,000 because [after removal] they refused to sign an affidavit or binding stipulation stating that their damages were less than $75,000." (R. Doc. 8 at 8).

Plaintiffs also argue that there is not complete diversity because they have properly alleged a cause of action against Lewis, the non-diverse defendant. (R. Doc. 6-1 at 6-7). In response, Defendants argue that Plaintiffs have no reasonable basis to recover against Lewis under Louisiana law, he is therefore improperly joined, and his citizenship cannot be considered for the purpose of determining complete diversity. (R. Doc. 8 at 3-5).

Finally, Plaintiffs argue that Vericlaim had to secure the consent of Scottsdale and Lewis prior to removal. (R. Doc. 6-1 at 7-8). Defendants respond that Vericlaim was not required to obtain consent from its non-served co-defendants at the time of removal pursuant to 28 U.S.C. §1446(b)(2)(A). (R. Doc. 8 at 9). Defendants further respond that Vericlaim was not required to obtain consent from Lewis because Lewis was improperly joined. (R. Doc. 8 at 9).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at

4

any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

5

### B. The amount in controversy is not facially apparent

Consistent with state law, Plaintiffs did not demand recovery of a specific amount in the Petition. The Petition provides no context for the court to determine that Plaintiffs are likely to obtain an amount exceeding the jurisdictional amount. The Petition does not reference the applicable policy limits. Other than stating that a fire occurred at a restaurant insured by Scottsdale, and that the fire caused the restaurant to close, there is insufficient indication of the extent of damages to the building or surrounding improvements. While the Petition does reference the total amount tendered to date, it provides no indication regarding the alleged total loss. It also fails to provide any indication of the alleged damages in order for the court to determine any potential amount recoverable in excess of that previously tendered.

Plaintiffs' failure to include any allegations regarding the amount in controversy to support federal jurisdiction, as required by Louisiana Civil Code of Procedure article 893(A)(1), is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiffs did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden.")

Plaintiffs allege a claim for penalties pursuant to La. R.S. § 22:1973 (formerly La. R.S. § 22:1220), which the court considers for the purpose of determining whether the amount in controversy requirement is satisfied. *See*, *e.g.*, *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) ("That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 22:1973 supports a finding that the jurisdictional amount has been exceeded.") (*citing Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). That Plaintiffs have alleged a bad faith claim in this action, however, is insufficient for a finding that the amount in controversy requirement is satisfied. Section 1973 provides a penalty of twice the damages sustained from a violation of Section 1973, or $5,000, whichever is greater. La. R.S. § 22:1973(C). Plaintiff seeks recovery for violations of § 1973(B)(1) ("Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue") and § 1973(B)(5) ("Failing to pay the amount of any claim due any person insured by contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause"), but provides no supporting allegations regarding the Defendants' alleged misrepresentations or submitted proof of loss. (R. Doc. 1-4 at 3).

As the amount of the underlying claim at issue has not been established, there is nothing in the record to demonstrate that the amount of any recoverable penalties would result in the amount in controversy being satisfied, particularly considering the lack of allegations in the petition regarding the damages sustained in light of the alleged violations of La. R.S. § 22:1973.

    **C.    Defendants have not established that the amount in controversy requirement is satisfied**

Because the amount in controversy is not facially apparent, the court will consider whether Scottsdale set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.

7

Defendants do not submit any documents in support of their position that the amount in controversy requirement is satisfied. In the Notice of Removal, Vericlaim asserted, without providing a copy of the applicable insurance policy, that the policy limits in the applicable insurance policy are as follows: "$300,000 (for Business Personal Property); $130,000 (for Business Income); and $50,000 (for Betterments and Improvements)." (R. Doc. 1 at 9). In a subsequent document submitted to the court, Defendants state that Plaintiffs "did not make a claim under the policy's business income coverage" because the restaurant closed soon after the fire. (R. Doc. 9 at 3). Scottsdale has paid $181,188.38, which must be excluded from the calculation of the amount in controversy. *See*, *e.g.*, *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (only remaining coverage amount of $50,000 considered for calculating amount in controversy). As there is no indication that Plaintiffs dispute the applicable policy limits, at most there would be approximately $168,811 that remained potentially recoverable under the policy.

The policy limits in any given insurance policy, however, do not necessarily control the amount in controversy. It is the value of the claim for coverage under the insurance policy, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

There is insufficient information in the record for the court to make any determination of the value of Plaintiffs' claims under the Scottsdale policy. Defendants have not submitted any evidence regarding the claims submitted by Plaintiffs, including proof of loss, or the adjustment of those claims. As set forth above, the allegations in the Petition refer to a fire causing the closure of a restaurant. Defendants provide no context to allow the court to determine the value of the restaurant, much less the potentially recoverable losses under the policy. Other than pointing to

Plaintiffs' rhetoric in the Petition describing the tendered payments as "abusively low" and "grossly below" the amount due, Defendants provide no facts in controversy or summary judgment type evidence demonstrating that the value of Plaintiffs' claim exceeds the jurisdictional amount.

Plaintiffs' initial refusal to enter into a post-removal stipulation stating that the amount in controversy is less than $75,000.00 does not change this conclusion. As an initial matter, a post-removal stipulation cannot change the amount in controversy, but can serve to clarify it when the amount in controversy is ambiguous. *See Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir.1993) (citing *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993)). Though Plaintiffs' refusal to stipulate to the amount of damages may be considered, it is not dispositive and the weight to be provided to it is questionable. *See Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011). Here, Plaintiffs later decided to submit a stipulation agreeing that the amount in controversy is less than $75,000.00. As with Plaintiffs' earlier refusal to stipulate, this later unilateral stipulation is of little value to the court's jurisdictional determination because it is non-binding. *See McGlynn v. Houston*, 693 F. Supp. 2d 585, 593 (M.D. La. 2010) (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"). In light of Plaintiffs' conflicting positions, the court affords no weight to Plaintiffs' refusal to stipulate or subsequent decision to stipulate.

**IV.    Conclusion**

Having reviewed the record and the applicable law, the court concludes that Vericlaim, the removing defendant, has failed to meet its burden of establishing that the amount in controversy

requirement is satisfied. Accordingly, the court need not address the additional arguments raised in Plaintiffs' motion to remand.[4]

## **RECOMMENDATION**

The magistrate judge **RECOMMENDS** that Plaintiffs' Motion to Remand (R. Doc. 6) be **GRANTED**, and that the action be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 27, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The court briefly notes that Plaintiffs' additional arguments for remand are questionable. First, Plaintiffs appear to have no reasonable possibility of recovery against Lewis, a claims adjuster hired by Scottsdale to assist in the adjustment of Plaintiffs' claims. Under Louisiana law, "there is generally no cause of action against an insurance adjuster for processing and handing an insurance claim." *See Munsterman v. State Farm Fire & Cas. Co.,* No. 06–8722, 2007 WL 29183, at *2 (E.D. La. Jan. 3, 2007) (*citing Edwards v. Allstate Prop. & Cas. Co.,* No. 04–2434, 2005 WL 2211560, at *3 (E.D. La. Jan. 27, 2005)). "However, an adjuster can be liable under certain circumstances where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Id.* Plaintiffs have not alleged that Lewis has engaged in any fraud or misrepresentations that would possibly trigger an exception to the general rule that claims adjusters cannot be held personally liable in tort with regard to the adjustment of an of an insurance claim. Second, pursuant to 28 U.S.C. §1446(b)(2)(A), Vericlaim had no procedural duty to obtain consent from the non-served defendants to effectuate removal.